**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-45-FDW
(3:08-cr-50-FDW-1)**

| | | |
|---|---|---|
| **SANCHEZ DEANGELO MILLS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1); on Respondent's Response in Support re

Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5); and on Respondent's Motion for

Extension of Time to File a Response, (Doc. No. 6).  Petitioner Sanchez Deangelo Mills moves

this Court to vacate his conviction for possession of a firearm by a convicted felon, arguing that

he is actually innocent of that offense under United States v. Simmons, 649 F.3d 237 (4th Cir.

2011).

On April 22, 2008, Petitioner pled guilty to possession of a firearm by an underlying

felon, under 18 U.S.C. § 922(g)(1).  (Criminal Case No. 3:08cr50-FDW-1, Doc. No. 7:

Acceptance and Entry of Guilty Plea).  He was sentenced to 51 months' imprisonment and three

years' supervised release.  (Id., Doc. No. 11: Judgment).  Petitioner served his term of

imprisonment and began his term of supervised release on September 22, 2011.  Petitioner was

arrested and charged with violating the terms of his supervised release on December 2, 2011.  On

July 18, 2012, this Court conducted a hearing on the petition to revoke Petitioner's supervised

1

release and found Petitioner guilty of the charged violations. This Court also, however, sentenced Petitioner to time served, revoked any further period of supervised release, and Petitioner was released to state custody.[1] (Id., Doc. No. 31: Judgment on Revocation Proceedings).

Petitioner filed the instant motion to vacate on January 30, 2012, contending that he is innocent of the § 922(g) conviction under Simmons. Petitioner is represented by S. Frederick Winiker, III. On the same day, the Government filed a Response to Petitioner's motion to vacate, in which the Government requested that this Court hold the matter in abeyance pending the Fourth Circuit's decision in United States v. Powell, 691 F.3d 554 (4th Cir. 2012). See (Criminal Case No. 3:08cr50-FDW-1, Doc. No. 25).[2] On March 4, 2013, this Court conducted an initial review of the petition and ordered the Government to respond within sixty days. (Doc. No. 4). On May 8, 2013, the Government filed a supplemental response and a motion for an extension of time to file the response. (Doc. Nos. 5; 6).

The Government states in its supplemental response that it has reviewed the state-court judgments related to each of Petitioner's possible qualifying predicate convictions and agrees with Petitioner that his most serious prior conviction was a Class H felony, when he had a prior record level of III, for which the maximum term of imprisonment under the North Carolina Structured Sentencing Act was 12 months. See N.C. GEN. STAT. § 15A-1340.17(c) and (d). Respondent concedes, therefore, that Petitioner lacks a qualifying, predicate conviction for

_____

[1] Although this Court has released Petitioner from custody, because he was in custody when he filed his initial § 2255 motion on January 30, 2012, he meets the "in custody" requirement. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 28 (1968).

[2] The Government's response was inadvertently docketed in Petitioner's criminal case rather than in this § 2255 action.

purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its judgment of conviction against Petitioner in 3:08-cr-50.

A § 2255 claim not brought within one year of the date on which a conviction has become final under § 2255(f) is procedurally barred.  A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998).  Here, Respondent concedes that Petitioner is actually innocent of the felon-in-possession conviction and Respondent has expressly waived the one-year limitation period.  The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice.  Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under § 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver.

In sum, because Respondent has expressly waived the one-year limitations period, has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent under Simmons,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED** and Petitioner's § 922(g) conviction is hereby **VACATED**.

(2) Respondent's Motion for Extension of Time, (Doc. No. 6), is **GRANTED** nunc pro

tunc.

Signed: August 22, 2013

Frank D. Whitney
Chief United States District Judge